STATE OF MINNESOTA
IN SUPREME COURT
ADM10-8049



April 14, 2016

OFFICE OF
APPELLATE COURTS

**ORDER PROMULGATING AMENDMENTS TO THE
MINNESOTA RULES OF CRIMINAL PROCEDURE**

The Supreme Court Advisory Committee on the Rules of Civil Appellate Procedure recommended amendments to the Rules of Civil Appellate Procedure to authorize the use of word-count limits, rather than page limits, for certain appellate pleadings, including that petitions for review in criminal matters that are authorized by Minn. R. Crim. P. 29.04. By order filed December 29, 2015, the court invited comments on the proposed amendments. Written comments regarding Rule 29.04 were filed by the Honorable Michelle A. Larkin, chair of the Advisory Committee on the Rules of Criminal Procedure. The committee had no objection to the proposed amendment to Minn. R. Crim. P. 29.04, but provided clarifying language for the accompanying comment that follows the rule.

Based on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      The attached amendments to the Rules of Criminal Procedure are prescribed and promulgated to be effective on July 1, 2016, and shall apply to all appeals pending on, or commenced on or after, the effective date.

2.      The Advisory Committee comments are included for convenience and do not reflect court approval of the statements made therein.

DATED: April 14, 2016                 BY THE COURT:

Lorie S. Gildea
Chief Justice

1

# RULE 29. APPEALS TO SUPREME COURT

## 29.04 Procedure for Appeals from Court of Appeals

\* \* \*

### Subd. 3. Contents of Petition for Review.

The petition for review must not exceed ~~ten pages~~ 4,000 words, exclusive of the caption, signature block, and addendum, and must identify the petitioner, state that petitioner is seeking permission to appeal to the Supreme Court from the Court of Appeals, and contain in order the following information:

(1) the names, addresses, and telephone numbers of the attorneys for all parties;

(2) the date the Court of Appeals filed its decision, and a designation of the judgment or order from which petitioner had appealed to the Court of Appeals;

(3) a concise statement of the legal issue or issues presented for review, indicating how the district court and the Court of Appeals decided each issue;

(4) a procedural history of the case from commencement of prosecution through filing of the decision in the Court of Appeals, including a designation of the district court and district court judge, and the disposition of the case in the district court and in the Court of Appeals;

(5) a concise statement of facts indicating briefly the nature of the case, and including only the facts relevant to the issue(s) sought to be reviewed;

(6) a concise statement of the reasons why the Supreme Court should exercise its discretion to review the case; and

(7) an addendum that includes a copy of any district court recitation of the essential facts of the case, conclusions of law, and memoranda.

\* \* \*

### Subd. 5. Response to Petition.

When a petition for review has been filed, the respondent must file with the clerk of the appellate courts within 20 days after service of the petition on respondent any response, not to exceed ~~ten pages~~ 4,000 words, exclusive of the caption, signature block, and

addendum, and proof of service on appellant. Failing to respond to the petition will not be considered agreement with it.

\* \* \*

**Comment—Rule 29**

*After a first-degree murder conviction, only the Supreme Court has appellate jurisdiction. See Minn. Stat. §§ 480A.06, subd. 1 and 632.14. This includes appeals from orders denying postconviction relief from convictions in first-degree murder cases. See Minn. Stat. § 590.06. However, appeals in first-degree murder cases before conviction are decided by the Court of Appeals under Rule 28, and may be reviewed by the Supreme Court via a petition for further review.*

*Under Minn. R. Civ. App. P. 136.02, the clerk of the appellate courts is to enter judgment under the decision of the Court of Appeals not less than 30 days after that decision is filed. The filing of a petition for review under Rule 29.04 stays entry of the judgment and transmission of the judgment back to the clerk of the district court according to Minn. R. Civ. App. P. 136.02 and 136.03. If the petition for review is denied, the judgment is to be entered and transmitted immediately.*

*Rule 29.04 was amended in 2016 to re-define the length limit for petitions and responses to 4,000 words rather than ten pages. This change, coupled with the requirement that a 13-point font be used, will have a practical effect of permitting petitions that are slightly longer, but will be more easily read, both in paper format and on computer screens.*

3